UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

M.C., individually and on behalf of W.C.,
a child with a disability,

                              Plaintiff,

              -against-                                    1:10-CV-1068 (LEK/RFT)

LAKE GEORGE CENTRAL SCHOOL
DISTRICT,

                              Defendant.

_____

## DECISION and ORDER

## I.    INTRODUCTION

         Plaintiff M.C. ("Plaintiff") brought this action individually and on behalf of W.C. against

Defendant Lake George Central School District ("Defendant") under the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.  See Dkt. No. 1 ("Complaint").

Plaintiff has now moved the Court for attorney's fees.  Dkt. No. 17 ("Motion").  For the following

reasons, the Court grants Plaintiff's Motion in part.

## II.   BACKGROUND

         Because the present Motion is simply for attorney's fees, the Court recites the facts of the

case only briefly for context.  For a more complete statement of the facts, reference is made to the

Court's September 6, 2010, Decision and Order.  Dkt. No. 16.

         W.C. has a learning disability and was a minor when relevant to this action.  Dkt. No. 13-9

at 1; Dkt. No. 14 at 1.  Dissatisfied with W.C.'s Individualized Education Program ("IEP") as

implemented by Defendant, W.C.'s parents withdrew him from Defendant's school and enrolled

him in a Waldorf school within the Saratoga Springs City School District.  Dkt. No. 13-20 ¶¶ 60,

62, 84.  In October 2009, W.C.'s parents requested from Defendant a due process hearing under the

IDEA.  Id. ¶ 1.  In May 2010, the Impartial Hearing Officer ("IHO") conducting the due process

hearing ordered Defendant to reimburse W.C.'s parents for all tuition and related expenses for

W.C.'s placement at the Waldorf school from November 16, 2007, until the end of the 2008-2009

school year.  Dkt. No. 13-14.  The IHO also ordered Defendant to conduct a triennial evaluation of

W.C. and to provide one-on-one compensatory reading instruction with a certified reading instructor

for two hours per day, five days a week, from June 1, 2010, to September 1, 2010.  See id.

On appeal, a State Review Officer ("SRO") annulled the IHO's order of reimbursement,

modified the compensatory instruction order to occur from July 1, 2010, to October 1, 2010, and

found that Defendant failed to appeal the compensatory instruction issue.  See Dkt. No. 13-20 ¶ 8;

Dkt. No. 13-16.  Plaintiff then appealed to the Court seeking annulment of the SRO's decision—and

thus reinstatement of the IHO's order of reimbursement—and attorney's fees.  See Compl.

Defendant filed a cross-appeal seeking a determination that it had appealed the compensatory

instruction issue to the SRO.  See Dkt. No. 4.

The Court affirmed the SRO's decision as to reimbursement and found that the

compensatory education services issue had not been properly exhausted at the administrative level.

Dkt. No. 16 at 9-10.  Moreover, the Court held that even if Defendant had properly appealed the

compensatory instruction order to the SRO, the issue was moot because the instruction had been

provided already and Defendant was not seeking recovery of the relevant costs.  Id. at 10-11.

Defendant also sought dismissal of Plaintiff's claim for attorney's fees, but the Court granted

Plaintiff leave to file a subsequent motion for attorney's fees so that the parties could address that

claim with the benefit of the Court's Decision and Order affirming the SRO's decision and finding

the compensatory services issue unexhausted and moot. <u>Id.</u> at 11. Plaintiff did so, and that Motion

is now before the Court. <u>See</u> Mot.

**III.    LEGAL STANDARD**

20 U.S.C. § 1415(i)(3) governs awards of attorney's fees in IDEA cases.[1]  Generally, a court

has discretion to award reasonable fees to a prevailing party who, like Plaintiff, is the parent of a

child with a disability. <u>Id.</u> § 1415(i)(3)(B)(i).  When it elects to award fees, "a district court must

ordinarily make two determinations.  It must first determine whether the party seeking the award is a

prevailing party.  If the party is a prevailing party, the court must then determine whether, under the

appropriate standard, that party should be awarded attorney's fees." <u>Mr. L. v. Sloan</u>, 449 F.3d 405,

407 (2d Cir. 2006) (Sotomayor, J.).

"[A] plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative

proceeding is a 'prevailing party.'" <u>A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.</u>, 407 F.3d 65, 75 (2d

Cir. 2005).  A plaintiff need not prevail on every claim to be entitled to fees and may recover for all

work "reasonably spent in achieving the favorable outcome." <u>Fox v. Vice</u>, 131 S. Ct. 2205, 2214

(2011).  Showing that a school district failed to provide the free appropriate public education

required by the IDEA is not sufficient to establish prevailing-party status, however; a plaintiff who

is not entitled to some form of compensation as a result is not a prevailing party.  <u>See</u> <u>J.G. v. Kiryas</u>

<u>Joel Union Free Sch. Dist.</u>, 843 F. Supp. 2d 394, 396 (S.D.N.Y. 2012) (citing <u>Berger v. Medina City</u>

---

[1] The IDEA's fee-shifting provisions are to be interpreted "in consonance with section 1988 and other federal civil fee-shifting statutes, unless there is a specific reason—such as with regard to expert fees—not to do so." <u>A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.</u>, 407 F.3d 65, 73 n.9 (2d Cir. 2005); <u>cf.</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion [regarding § 1988] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'").  The parties have advanced no reason not to do so here.

Sch. Dist., 348 F.3d 513, 526 (6th Cir. 2003)).

If awarded, the fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," with no "bonus or multiplier." 20 U.S.C. § 1415(i)(3)(C). Courts must "make an initial estimate of reasonable attorney's fees by applying prevailing billing rates to the hours reasonably expended on successful claims." Blanchard v. Bergeron, 489 U.S. 87, 94 (1989); accord A.R. ex rel. R.V., 407 F.3d at 79. The figure generated by this "lodestar" method is strongly presumed reasonable,[2] A.R. ex rel. R.V., 407 F.3d at 79; accord Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1673 (2010), but may be adjusted if necessary to ensure that it is enough to attract competent counsel to similar cases without providing windfalls to attorneys. See Perdue, 130 S. Ct. at 1672-75.[3]

Sometimes "even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all." Farrar v. Hobby, 506 U.S. 103, 115 (1992). For example, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id. (citation omitted).

## IV. DISCUSSION

### A. Prevailing-Party Status

Plaintiff obtained relief on the merits in an IDEA proceeding and therefore is a prevailing party and eligible to recover attorney's fees. See A.R. ex rel. R.V., 407 F.3d at 75. Specifically,

---

[2] The Second Circuit has suggested that the "lodestar" fee "is more aptly termed the 'presumptively reasonable fee.'" Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008).

[3] The twelve Johnson factors often used in the past were disapproved by the U.S. Supreme Court in Perdue because they almost always are subsumed within the lodestar calculation. See Perdue, 130 S. Ct. at 1671-75 (citing, *inter alia*, Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)); see also Millea v. Metro-North R.R., 658 F.3d 154, 167-69 (2d Cir. 2011).

Plaintiff obtained an order that Defendant provide to W.C. one-on-one reading instruction by a certified instructor for two hours per day, five days a week, from July 1, 2010, to October 1, 2010, and a triennial evaluation.  See Dkt. No. 13-16 at 40.  That "[t]he compensatory education simply increased the services that [Defendant] was already providing by an hour a day, rather than directing [Defendant] to provide an entirely new service altogether," is immaterial.  Dkt. No. 23 ("Response") at 14.  The IHO's order, to the extent it was not annulled by the SRO, is a judicially enforceable determination and therefore altered the legal relationship of the parties.  See A.R. ex rel. R.V., 407 F.3d at 76.  Moreover, far from being technical or *de minimis*, it required Defendant to provide a higher level of services than was being provided.  Plaintiff therefore prevailed on this issue and is eligible for related attorney's fees.[4]

Plaintiff did not, however, prevail on the related but separate issue of reimbursement for the parents' unilateral placement of W.C. at the Waldorf school.  Although Defendant failed to offer W.C. a free appropriate public education as required by the IDEA, the Waldorf school was not appropriate for W.C., and the parents therefore are not entitled to reimbursement for the costs of W.C.'s attendance at that school.  See Dkt. No. 13-16 at 32-38.  Because Plaintiff is not entitled to reimbursement, Plaintiff is not a prevailing party on that claim and is not eligible for related attorney's fees.  See J.G., 843 F. Supp. 2d at 396.[5]

---

[4] Defendant concedes that "compensatory education was awarded as a result of [Defendant's] alleged denial of [a free appropriate public education] . . . and attorneys' fees may be appropriate on that discrete issue."  Resp. at 18.

[5] Plaintiff concedes that "the evidence relating to the Waldorf School was not intertwined with the issued upon which the parents succeeded, so the Court may reduce the award accordingly."  Dkt. No. 17-9 at 11.

**B. Reasonable Fees**

Having established that Plaintiff is eligible for attorney's fees with respect to one claim, the Court in its discretion awards attorney's fees and related expenses to Plaintiff with respect to that claim. 20 U.S.C. § 1415(i)(3)(B). Accordingly, the Court must determine the rate prevailing in Plaintiff's community for the kind and quality of services furnished by her attorneys here and multiply that figure by the number of hours reasonably expended in pursuit of the claim on which Plaintiff prevailed. Id. § 1415(i)(3)(C); A.R. ex rel. R.V., 407 F.3d at 79.

*1. Prevailing Hourly Rates*

Plaintiff has cited three in-district cases from the past several years and submitted several affirmations of IDEA practitioners in the Western and Northern Districts of New York to show that $275 per hour is an appropriate rate for the work of Plaintiff's attorneys in this case. See Dkt. No. 17-9 at 6-7. Plaintiff also submits a bill for paralegals' time at $80 per hour. See id. at 11; S.M. v. Taconic Hills Cent. Sch. Dist., No. 11-CV-1085, 2013 WL 1180860, at *5 (N.D.N.Y. Mar. 20, 2013) (Kahn, J.). Defendant has not challenged these rates. See generally Resp. The Court finds that these rates are in line with the prevailing rates in the relevant community for the kind and quality of services furnished here.

Defendant challenges the application of the $275 per hour rate to the attorney who conducted the due process hearing on Plaintiff's behalf on the ground that the attorney is inexperienced. Defendant requests that the Court reduce that attorney's fee to $150 per hour. See Resp. at 22. The Court most recently has awarded this same attorney $175 per hour in an IDEA case, taking into consideration both his relatively short time practicing law and his extensive experience as a school administrator. See S.M., 2013 WL 1180860, at *5; see also S.M. v. Taconic

6

Hills Cent. Sch. Dist., No. 09-CV-1238, 2012 WL 3929889, at *5 (N.D.N.Y. Sept. 10, 2012) (Kahn, J.) (awarding this same attorney $150 per hour in an IDEA case). Mindful that fee awards must reflect current rather than historical rates to compensate for delays in payment, see Farbotko v. Clinton Cnty., 433 F.3d 204, 210 n.11 (2d Cir. 2005), and in light of the fact that this attorney has now been practicing for several years and served as lead counsel at the administrative level in this case, the Court finds that $225 per hour is an appropriate rate for his services.

   *2. Hours Reasonably Expended*

   A court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success." JWJ Indus., Inc. v. Oswego Cnty., No. 09-CV-0740, 2013 WL 791603, at *4 (N.D.N.Y. Mar. 4, 2013) (citing Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983)); Jimico Enters., Inc. v. Lehigh Gas Corp., No. 07-CV-0578, 2011 WL 4594141, at *10 n.7 (N.D.N.Y. Sept. 30, 2011) (collecting cases). Defendant requests that the court reduce Plaintiff's fee request "by, at a minimum, 90%." Resp. at 19.[6] A fee award, however, must be sufficient to attract competent counsel to similar cases. See Perdue, 130 S. Ct. at 1672-75. Because Plaintiff successfully obtained an order for a triennial evaluation and three months of daily individual reading instruction for W.C. as compensation for Defendant's failure to provide a free appropriate public education, but was not successful in obtaining reimbursement of tuition for the Waldorf school, the Court awards 50% of the billed hours and related expenses. Cf. Hofler, 2012

---

   [6] Defendant also submits a bevy of Plaintiff's billing entries that Defendant contends are excessive or vague. Resp. at 18-22. Having reviewed the challenged entries, the Court finds them neither vague nor excessive, save 0.1 hours that were billed twice and 0.3 hours that were billed but labeled "NC" or "no charge." Because the Court applies a blanket percentage reduction to all hours billed in this case, however, there is no need to itemize the hours deducted. See Goldring v. District of Columbia, No. Civ.A.02-1761, 2005 WL 3294005, at *4 (D.D.C. May 26, 2005) ("A district court should avoid countenancing criticisms of fee claims that amount to 'nit-picking.'").

WL 527668, at *7 (reducing award by 50%); <u>Mrs. M. ex rel "T" v. Tri-Valley Cent. Sch. Dist.</u>, 363 F. Supp. 2d 566, 573 (S.D.N.Y. 2002) (reducing award by 50% for limited success in an IDEA case).

       *3. Calculation*

In light of the foregoing and Plaintiff's itemization of hours and expenses, the Court calculates Plaintiff's award as follows: (1) 65.5 hours of attorney time at $275 per hour, equaling $18,012.50; (2) 49.2 hours of attorney time, including 8.7 hours of travel time,[7] at $225 per hour, equaling $11,070.00; (3) 11.3 hours of paralegal time at $80 per hour, equaling $904; and (4) $811.84 in expenses, for a grand total of $30,798.34. <u>See</u> Dkt. No. 17-9 at 11-12.

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 17) for attorney's fees is **GRANTED in part** consistent with this Decision and Order; and it is further

**ORDERED**, that Plaintiff is awarded $30,798.34 in attorney's fees and related expenses to be paid by Defendant; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:      April 27, 2013

---

    [7] Plaintiff submitted 34.8 hours of travel time, which were reduced by 50% to 17.4 hours because of the blanket 50% reduction the Court applied due to Plaintiff's limited success; the 17.4 hours were then reduced by 50% again to 8.7 hours to equal functionally the usual practice of charging half-rate for travel time.

Albany, NY

Lawrence E. Kahn
U.S. District Judge